**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

HENRY ISOM,

    Plaintiff,

v.                                                                                    Case No. 8:01-CV-0435-T-27TBM

SARASOTA COUNTY
SHERIFF'S DEP'T OF CORRS.,

    Defendant.
_____/

## ORDER

This matter comes before the Court for consideration of Plaintiff's Application to Proceed Without Cost/Prepayment of Photocopying Fees and Services (Dkt. 15) and Motion/Petition to Proceed Without Prepayment of Cost/Fees for Photocopies and to Direct the Clerk of the Court to Apply Lien to Inmate Trust Account (Dkt. 16).

Plaintiff initiated this action by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Sarasota County Sheriff's Department of Corrections. Noting several deficiencies in the amended complaint[1] Plaintiff filed on April 13, 2001, the Court entered an order dismissing the complaint without prejudice on June 5, 2001, *see* Dkt. 10. This case stands closed.

On July 23, 2001, Plaintiff filed a civil rights complaint raising essentially the same claims raised herein. *See Isom v. Gross*, Case No. 8:01-CV-1371-T-23MAP (M.D. Fla.

---

[1] In its order dismissing the complaint, the Court found that the Sarasota County Sheriff's Department of Corrections is not a legal entity subject to suit under 42 U.S.C. § 1983. The Court further found that the matter became subject to dismissal when Plaintiff abandoned any reference to the Eighth Amendment in his amended complaint, alleging instead that his injuries resulted from negligence, because allegations of negligent conduct do not state a claim under § 1983. Dkt. 10.

2001). Plaintiff named Lieutenant Gross, Corporal Gill, and C.O. Wallee as defendants in the new case. Based on Plaintiff's statements that he had a case pending in state court related to the claims asserted in the complaint, an order was entered on December 10, 2001, dismissing Plaintiff's complaint without prejudice. *Id.*, Dkt. 10. This case also stands closed.

Plaintiff requests that the Court direct the Clerk to provide him photocopies of the documents he filed in the instant case and Case No. 8:01-CV-1371-0T-23MAP without prepayment of the costs for this service. According to Plaintiff, he needs photocopies of these documents to comply with discovery requests in a "civil tort" proceedings pending in state court (Dkt. 15 at 2).

Plaintiff was granted leave to proceed *in forma pauperis* in the instant case, *see* Dkt. 4. The statutory right to proceed *in forma pauperis* waives only "prepayment of fees or security therefor." 28 U.S.C. § 1915(a)(1). The statute does not convey to the litigant a right to have documents copied and returned to him without payment for the service. *See Schwarz v. Interpol, Office of Information and Privacy et al.*, 1995 WL 94664 *2 (10th Cir.); *In re Richard*, 914 F.2d 1526, 1527 (6th Cir. 1990).

Plaintiff's reliance on 28 U.S.C. § 1913[2] and § 1918[3] as legal authority for his request is misplaced, *see* Dkt. 16 at 2. While an indigent prisoner may be granted leave to proceed with prepayment of the fee incident to the initiation of a cause of action, § 1915

---

[2] "The fees and costs to be charged and collected in each court of appeals shall be prescribed from time to time by the Judicial Conference of the United Sates. Such fees and costs shall be reasonable and uniform in all the circuits." 28 U.S.C. § 1913.

[3] "District courts; fines, forfeitures and criminal proceedings: (a) Costs shall be included in any judgment, order, or decree rendered against any person for the violation of an Act of Congress in which a civil fine or forfeiture of property is provided for. (b) Whenever any conviction for any offense not capital is obtained in a district court, the court may order that the defendant pay the costs of prosecution." 28 U.S.C. § 1918.

does not authorize the Court to direct the Clerk to provide services without prepayment of the costs for the service.

ACCORDINGLY, the Court **ORDERS** that:

1. The Application to Proceed Without Cost/Prepayment of Photocopying Fees and Services (Dkt. 15) is **DENIED**.

2. The Motion/Petition to Proceed Without Prepayment of Cost/Fees for Photocopies and to Direct the Clerk of the Court to Apply Lien to Inmate Trust Account (Dkt. 16) is **DENIED**.

**ORDERED** in Tampa, Florida, on *March 8th*, 2006.

_____
JAMES D. WHITTEMORE
United States District Judge

Copies furnished to:
*Pro Se* Plaintiff
SA:jsh